IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Douglas P. Sczygelski, | ) | |
| | ) | Civil File No. 2:08-cv-75 |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| vs. | ) | **MOTION TO DISMISS AND DENYING** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| United States Customs and Border | ) | **DEFAULT JUDGMENT** |
| Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are motions by Defendant United States Customs and Border Protection Agency ("CBP") to dismiss for lack of subject matter jurisdiction (Docs. #4, 25).[1]  Plaintiff Douglas P. Sczygelski also moves for default judgment (Docs. #14, 27).  The Court, having considered all of the briefs and documents filed by the parties, finds this Court has subject matter jurisdiction to consider Sczygelski's constitutional claim; therefore, CBP's motions to dismiss under Fed. R. Civ. P. 12(b)(1) are **DENIED**.  Further, the Court finds CBP has timely responded to the allegations, and therefore Sczygelski's motions for default judgment are **DENIED**.

## FACTUAL BACKGROUND

On September 17, 2006, Sczygelski was hired as an Agriculture Specialist under an excepted service appointment within the Federal Career Intern Program.  The appointment was for a term of two years, at the completion of which he would be eligible for an additional one year extension at the discretion of the agency.  Additionally, CBP could convert the internship into a career or career-conditional appointment, contingent on Sczygelski's successful

---

[1] CBP moved to dismiss Sczygelski's complaint for lack of subject matter jurisdiction. Subsequently, Sczygelski was granted leave to amend his complaint.  CBP then renewed its motion, arguing the amended complaint should be dismissed for the same reasons the initial complaint was subject to dismissal.

completion of the intern program, certification from supervisory officials, and the availability of a position and funding. Further, under the internship guidelines, the appointment could be terminated if Sczygelski failed to satisfactorily complete the internship.

From 2006 to 2008, both before and during his employment with CBP, Sczygelski sent hundreds of unsolicited letters to university students expressing his belief that "[b]lacks, on the average, are not as smart as whites, and the reason is genetic." Among the other beliefs Sczygelski expresses in his letters include statements that abortion must be kept legal, or else "the black birthrate will soar, while whites will be able to afford to travel to a different state for an abortion." Sczygelski also expresses in the letters his belief that "[b]lack countries will always be full of violence and stupidity." Sczygelski claims these letters were intended to influence debates on United States foreign policy toward black countries.

After these letters generated some interest within the agency, CBP Internal Affairs Special Agents Andy Henrickson and David Hughes interviewed Sczygelski. Sczygelski admitted sending the letters in hopes of influencing public opinion. After completing an internal investigation, CBP concluded Sczygelski failed to satisfactorily complete the internship and terminated his employment.

Sczygelski appealed the adverse employment decision with the Merit Systems Protection Board ("MSPB"), claiming he did not violate CBP's Standards of Conduct. However, the MSPB dismissed the appeal on the grounds that it lacked jurisdiction because Sczygelski did not meet the definition of "employee" under 5 U.S.C. § 7511(a)(1)(B) or (C), commonly referred to as the Civil Service Reform Act. Sczygelski did not appeal the MSPB's decision. Instead, he filed a complaint with this Court on July 21, 2008, and subsequently amended his complaint on March

3, 2009.  He asserts three claims in his amended complaint: 1) CBP violated his First Amendment right to freedom of speech; 2) CBP's termination was illegal because he did not violate the Standards of Conduct since his statements were merely "derogatory," not "invidious"; and 3) even if some disciplinary action was warranted, termination was grossly disproportionate to the offense.[2]  For relief, Sczygelski seeks job reinstatement, back pay, restoration of sick leave time, and eligibility for regularly scheduled pay increases as if he had not been fired.

## ANALYSIS

### 1. This Court has subject matter jurisdiction

A district court has the authority to dismiss an action for lack of subject matter jurisdiction on three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008).  The Court has reviewed the complaint, the amended complaint, and the undisputed facts in the record, and now finds as follows.

In reviewing all of the documents filed in this case, it appears the parties do not dispute any of the essential facts necessary for resolution of the particular motion before the Court.  Neither party disputes that Sczygelski was not an "employee" for purposes of the Civil Service Reform Act, that Sczygelski did not appeal the MSPB's decision regarding his employment status to the Federal Circuit, that Sczygelski has raised a constitutional claim in this action but did not do so before the MSPB, or that Sczygelski was terminated from his position, at least in

---

[2] Sczygelski's initial complaint also alleged racial discrimination.  However, when he amended his complaint, he omitted this claim.

part for sending unsolicited letters espousing his views on race relations.  Therefore, the Court need not resolve any factual disputes when considering CBP's motions to dismiss.

The Court begins with the premise that district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; McLain v. Andersen Corp., 567 F.3d 956, 963 (8th Cir. 2009).  Section 1331, however, does not, in and of itself, create substantive rights in an action brought against the United States.  Sabhari v. Reno, 197 F.3d 938, 943 (8th Cir. 1999).  Thus, if § 1331 is to be used to secure monetary relief against the United States, it must be tied to additional authority that waives the government's sovereign immunity.  Id.

Sczygelski, as the party asserting jurisdiction, retains the burden of establishing that a particular cause of action lies within the federal courts' limited jurisdiction.  Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009).  This standard remains true for pro se litigants, despite the fact that the complaint must be liberally construed in such cases.  Burke v. N.D. Dept. of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

This is a civil action brought by a person deemed not to be a federal "employee" for purposes of the Civil Service Reform Act.  Furthermore, the plaintiff is alleging, in part, a constitutional claim.  This Court has subject matter jurisdiction over constitutional claims.  Under these circumstances, the Court finds Sczygelski met his threshold burden of establishing subject matter jurisdiction.[3]  See Massey v. Helman, 196 F.3d 727, 737-38 (7th Cir. 1999)

---

[3] The Court is not deciding the merits of the constitutional claim, only that it has jurisdiction over the action.  It is unclear at this stage whether Sczygelski's action can survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, but that issue is not

("[T]he rule precluding constitutional claims by federal employees who have adequate administrative remedies stems from the absence of substantive legal rights rather than the courts' lack of subject matter jurisdiction."); Raz v. Lee, 343 F.3d 936, 937 (8th Cir. 2003) (concluding cumulative allegations present justiciable claims under the Constitution and reversing district court's dismissal of the action); see also Webster v. Doe, 486 U.S. 592, 603 (1988) (decision by CIA director to terminate employee was subject to judicial review of colorable constitutional claims).

     Moreover, while CBP argues this Court lacks jurisdiction because Sczygelski failed to exhaust his administrative remedies and because he should have appealed the MSPB's decision to the Federal Circuit Court of Appeals (Docs. #5, 25), a party may be excused from exhausting administrative remedies if the complaint involves a legitimate constitutional claim, if further administrative procedures would be futile, or if the issues to be decided are primarily legal rather than factual. Ace Property & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 1000 (8th Cir. 2006). The Court need not resolve at this stage whether Sczygelski has a colorable constitutional claim. The United States has not brought a motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Rather, the pertinent issue is whether this Court has subject matter jurisdiction to address the constitutional claim, which the Court concludes it does. Accordingly, CBP's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

    **2.**    **Sczygelski is not entitled to default judgment**

     Sczygelski also moves for default judgment under Fed. R. Civ. P. 55 (Docs. #14, 27).

---

before the Court. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (a complaint must contain sufficient factual matter, when accepted as true, states a claim for relief that is "plausible on its face.")

According to Sczygelski, while CBP filed a reply to his complaint in the form of a motion to dismiss, it failed to address all the parts of his complaint in the motion to dismiss, and therefore the Court should grant default judgment in his favor.

Rule 12, Fed. R. Civ. P., requires the United States to serve an answer to a complaint within 60 days after service. However, this time period is extended if the United States files a Rule 12 motion. When a motion to dismiss is filed and the motion is denied, an answer must be served within 10 days after notice of the court's ruling on the motion. Fed. R. Civ. P. 12(a)(4).

Here, the United States was served with Sczygelski's complaint on October 1, 2008 (Doc. #3). In lieu of an answer, CBP timely filed a motion to dismiss on December 1, 2008 (Doc. #4). Sczygelski later sought to amend his complaint to which CBP's response was that it "does not object to the Motion to Amend, but respectfully renews its request that this Court grant its Motion [to Dismiss], and dismiss Plaintiff's Amended Complaint and causes of action." (Doc. #20). The Court granted Sczygelski leave to file an amended complaint, and CBP formally renewed its motion to dismiss (Doc. #25).

According to the current version of Rule 12(a)(4), the United States is allowed 10 days after notice of this Court's Order to file a responsive pleading. The Court finds Sczygelski's argument that he is entitled to default judgment because the United States failed to address all of his claim is without merit since the motion raising the issue of subject matter jurisdiction essentially attacks all of the claims.

Moreover, default judgment may be entered against the United States only if the claimant establishes a claim or right to relief "by evidence that satisfies the court." Fed. R. Civ. P. 55(d). The Court expresses no opinion on the merits, except to note that Sczygelski has failed to

"establish" a claim or right to relief at this stage and is not entitled to default judgment. Therefore, the Court finds no basis to enter default judgment against CBP. Accordingly, Sczygelski's motions for default judgment are **DENIED**.

## DECISION

For the foregoing reasons, Defendant CBP's motions to dismiss for lack of subject matter jurisdiction are **DENIED**; and Plaintiff Sczygelski's motions for default judgment are **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2009.

>  */s/   Ralph R. Erickson*
>  Ralph R. Erickson, District Judge
>  United States District Court